### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Cally Orlando,<br><br>      Plaintiff,<br><br>  v.<br><br>JP Morgan Chase Bank N.A., Equifax Information Services, LLC, Experian Information Solutions, Inc. and Trans Union, LLC,<br><br>      Defendants. | Case No. 23-CV-2011 |

### NOTICE OF REMOVAL BY DEFENDANT JPMORGAN CHASE BANK, N.A.

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, defendant JPMorgan Chase Bank, N.A. hereby removes the above-captioned action, *Orlando v. JPMorgan Chase Bank N.A.*, Suffolk County Index No. 602690/2023 (the "State Court Action"), from the Supreme Court of the State of New York, Suffolk County (the "State Court") to the United States District Court for the Eastern District of New York.

Plaintiff Cally Orlando ("Plaintiff") commenced the State Court Action by filing a Summons and Complaint on February 1, 2023.

Chase denies any liability to Plaintiff, including in connection with the contemplated claims (for purported breach of contract and conversion), and files this Notice of Removal to federal court without waiving any defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in its favor.[1]

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014).

**Procedural Background**

1.     On February 1, 2023, Plaintiff filed a Summons and Complaint in the State Court Action.

2.     Chase received a copy of the Summons and Complaint when it was served with process on February 14, 2023 ("Compl.").[2]  No other process, pleadings, or orders have been served upon Chase in the State Court Action.

**The Complaint**

3.     Plaintiff alleges she opened a credit account with Chase on or around March 28, 2016.  Compl. ¶ 34.  She alleges that in 2019 she became delinquent on her account, which was charged off with an outstanding balance of $3,293.  *Id.* ¶ 34.  Plaintiff alleges that in 2021 she contacted Chase and asked to pay the account off in full so that the account "reports as a 'paid in full' status" with credit reporting agencies.  *Id.* ¶ 37.

4.     Plaintiff alleges, "Chase informed Plaintiff that by paying $1,155, the Chase account would be paid off and report with a $0 balance."  *Id.* ¶ 39.  Plaintiff sent Chase a check for $1,155 on or around March 23, 2021, but later changed her mind and decided that she did not want to "enter[] into a settlement for less than the balance owed . . . ."  *Id.* ¶ 41.  She alleges she called Chase "to cancel the agreement and canceled the check" on or around April 1, 2021.  *Id.* ¶¶ 42.

5.     Plaintiff alleges she later sent $3,293 to Chase "via ACH . . . ."  *Id.* ¶ 43.  Plaintiff alleges that Chase returned $2,138 of that payment to Plaintiff via check, kept the remaining $1,115 (*id.* ¶ 46), and reported the account "settled for less than the amount owed . . . ."  *Id.* ¶ 54.

---

[2] A true and correct copy of the Summons and Complaint is annexed hereto as **Exhibit A**.

6.     Plaintiff alleges she thereafter sent dispute letters to Chase and defendants Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC (collectively and excluding Chase, the "CRA Defendants"). *Id.* ¶ 55.

7.     Plaintiff alleges causes of action for: (i) violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* against Chase and the CRA Defendants (*id.* ¶¶ 70-120); (ii) violation of the New York Fair Credit Reporting Act ("NYFCRA") against the CRA Defendants (*id.* ¶¶ 121-131); and (iii) violation of the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.* ("FCBA") against Chase (*id.* ¶¶ 132-144).

### Service on the State Court

8.     As required by 28 U.S.C. § 1446(d), Chase will promptly notify the Clerk of the Supreme Court of the State of New York, Suffolk County of this Notice of Removal and serve a copy on all parties.[3]

### Venue

9.     The State Court Action was filed in the Supreme Court of the State of New York, Suffolk County.  Venue properly lies at this time in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1441(a).

### Timeliness

10.     According to an affidavit of service filed in the State Court Action, Chase was served with process in the State Court Action on February 14, 2023.

11.     28 U.S.C. § 1446(b)(1) requires removal of an action to federal court within thirty days "after the receipt by the defendant, through service or otherwise, a copy of the initial pleading

---

[3] A copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is annexed hereto as **Exhibit B**.

setting forth the claim for relief upon which the action or proceeding is based . . . ."  This Notice of Removal is timely filed because thirty days have not lapsed since Chase's receipt of Plaintiff's Complaint.  *See* 28 U.S.C. § 1446(b)(1).

### The Court has Federal Question Jurisdiction and Supplemental Jurisdiction

12.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, which grants federal district courts original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

13.    Plaintiff asserts claims against Chase and the CRA Defendants for violations of the federal FCRA.  *See* Compl. ¶¶ 70-120.  Plaintiff also asserts claims against Chase for violations of the federal FCBA.  *Id.* ¶¶ 132-144.

14.    Chase is therefore entitled to remove this action to this Court pursuant to 28 U.S.C. § 1331.

15.    Additionally, this Court has supplemental jurisdiction over the state-law claims against the CRA Defendants for violations of the NYFCRA.  Pursuant to 28 U.S.C. § 1367(a), "[i]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  That is the case here.  Plaintiff's NYFCRA claims arise out of the same alleged investigations by the CRA Defendants into Plaintiff's credit disputes that form the basis for her FCRA claims.    Accordingly, this Court has supplemental jurisdiction over Plaintiff's  state-law claims.

**No Admission of Liability**

16.     By this filing, Chase does not admit any liability, does not concede the accuracy of Plaintiff's allegations or purported facts set forth in the Complaint, does not contend that the Complaint adequately pleads any cause of action, and does not concede that Plaintiff is entitled to any of the relief sought in the Complaint or any relief of any kind.  Chase reserves all rights in responding to the Complaint.

**Conclusion**

17.     For the foregoing reasons, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Wherefore, the State Court Action is hereby removed to this Court from the Supreme Court of the State of New York, Suffolk County.

Dated: March 16, 2023
Garden City, New York                                    Respectfully submitted,

                                    GREENBERG TRAURIG, LLP

                                    By:
                                    _____/s/ Ryan Sirianni_____
                                        Ryan Sirianni

                                    900 Stewart Ave., 5th Floor
                                    Garden City, New York 11530
                                    Tel: (212) 801-9200
                                    Ryan.Sirianni@gtlaw.com

                                    *Counsel for Defendant*
                                    *JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2023, a copy of the foregoing was filed electronically through the Court's CM/ECF which will, in turn, send a notice of electronic filing to all counsel of record.

I HEREBY CERTIFY that on March 16, 2023, a copy of the foregoing was mailed to the following parties by overnight UPS mail:

Alain Cesar
SANDERS LAW GROUP
333 Earle Ovington Blvd., Suite 402
Uniondale, NY 11553
*Counsel for Plaintiff*

*/s/ Ryan Sirianni*